## WILLIAM P. MALBURN

*v.*

## BALTHEZAR SCHREINER.

1. AGENCY—*evidence of.* Where a person in charge of a warehouse purchases grain, and ships it in the name of the owner of the warehouse, and he advances money to him on such shipments, and the purchaser ships none in his own name, it may be inferred that the person making the purchases is the agent of the person in whose name it is shipped, and the latter will be held liable to a person to pay for grain of whom a portion so shipped was purchased.

2. VERDICT—*evidence.* A verdict will not be set aside unless it is manifestly against the weight of evidence.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Mr. F. C. INGALLS and Mr. H. C. HYDE, for the appellant.

Mr. J. A. CRAIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Stephenson Circuit Court, against appellant. The declaration contained the common counts, and to it the plea of the general issue was filed. A trial was had before the court and a jury, resulting in a verdict in favor of plaintiff. A motion for a new trial was entered, which the court overruled and rendered judgment on the verdict, from which this appeal is prosecuted.

It appears, that appellee, in the autumn of 1864, delivered to Brewster a quantity of wheat and oats, which was placed

in his warehouse. Afterwards, the price was fixed upon the wheat, but that of the oats had been agreed upon before its delivery. Appellee received a portion of the price of the grain, but the balance remained unpaid; and claiming that Brewster purchased the grain as appellant's agent and for him, appellee brought this action to recover the price of the wheat remaining unpaid.

On the trial, appellee introduced evidence tending to prove that Brewster was appellant's agent in the purchase of grain. It clearly appears, that Brewster shipped grain from his warehouse in the name of appellant, and was in the habit of drawing money quite frequently from appellant. But there is no positive evidence that Brewster was acting as his agent in the purchase of grain, although the circumstances which were proved, would warrant the inference that he was. On the other side, the evidence tended to rebut the presumption, but it was not strong or conclusive. In a case of this character it is the province of the jury to weigh and fully consider all of the evidence, and give it such weight as they find it entitled to receive, and, having done so, their finding will not be disturbed unless it is manifestly against the evidence. We are unable to say that such is the case in this record. It is true, that it is not of that clear and satisfactory character which is desirable but not always attainable. There is evidence upon which to base the verdict, and it is not manifestly against the evidence.

It is insisted that, as the evidence shows that Brewster went to Lanark to do business on his own account, and it was transacted in his own name, it follows, that the jury should have inferred that he did not purchase the grain as agent of appellant. The evidence adduced by appellee does not tend to prove that Brewster was the general agent of appellant, and that all of his purchases were made for him, but it does tend strongly to prove that he did make some purchases for him. This is shown from his frequently getting money from appellant

and shipping grain in his name. And while the clerk of appellant states that appellant never advanced money to Brewster until after the shipment was made, still he does not say that appellant purchased the grain of Brewster, nor contradict the agency in its purchase. All that this witness testified to may be literally true, and still Brewster have purchased appellee's grain as the agent of appellant.

It appears that this grain was shipped at different times, after it was received, but it was not purchased or the price agreed upon until the fall following. It also appears that the shipments made by Brewster prior to June, 1865, were in the name of appellant. The station agent testified that he found, on the shipping books of the road, no shipment in his name between December and June. From this evidence it would seem that all of this grain, or nearly so, must have been shipped on account of appellant, and that Brewster must have acted as his agent. There is no evidence that appellant purchased the grain from Brewster, and we can only infer that he was acting as agent for appellant. The offer of appellee to sell the grain to Scott, in October of 1865, does not disprove the agency. He had stored his grain, and it had been shipped without his orders, and, we infer from the evidence, on account of appellant, and, so far as we can discover from the record, without his knowledge, and he may, and probably did, suppose that his grain was still in the warehouse. If it was shipped in the name of appellant, and he received the proceeds of its sale, he should not be permitted to escape paying for it simply because he fixed the price with the agent of appellant after he ceased to act for him. If it was stored with appellant's agent, and he shipped it for appellant, and the latter received the money, he clearly became liable to pay for it. And all the evidence considered, we are satisfied that it sustains the verdict, and there was no error in overruling the motion for a new trial.

The judgment of the court below is affirmed.

*Judgment affirmed.*